UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Iris Royal<br><br>　　　Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.<br><br>　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Iris Royal, ("Iris"), is a natural person who resided in Denton, Texas, at all times relevant to this action.

2. Defendant, National Enterprise Systems, Inc., ("NES"), is an Ohio Corporation that maintained its principal place of business in Solon, Ohio, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

### STATEMENT OF FACTS

5. NES uses a predictive dialer system.

6. Before NES began contacting Iris, it and Iris had no prior business relationship and Iris had never provided express consent to NES to be contacted on her cellular telephone.

7. NES regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of NES's revenue is debt collection.

9. NES is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, NES contacted Iris to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Iris is a "consumer" as defined by 15 U.S.C. §1692a(3).

13.  On several occasions, the dates of which will be discovered through discovery, NES willingly and knowingly used an automatic telephone dialing system to call Iris on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around March 2014, NES contacted Iris on Iris' cellular phone in an attempt to collect a debt.

15. Around March 2014, Iris requested NES cease further calls to Iris.

16. Despite this request, NES continued to call Iris on Iris' cellular phone as recently as around July 2014.

17. On more than one occasion, Iris requested NES cease further calls to Iris.

18. NES attempted to collect a debt from Iris.

19. NES violated the FDCPA and the TCPA.

2

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:     /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar No. 0079315


Date: October 9, 2014